PD-1457-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/9/2015 12:00:00 AM
Accepted 11/9/2015 5:05:59 PM
ABEL ACOSTA
CLERK

No. _____

In the
Court of Criminal Appeals
At Austin

———◆———

FILED IN
COURT OF CRIMINAL APPEALS

November 9, 2015

ABEL ACOSTA, CLERK

### No. 01-14-00902-CR

In the
Court of Appeals
for the
First District of Texas
at Houston

———◆———

### No. 1399343

In the 230th District Court
Harris County, Texas

———◆———

## KENNETH ALLEN ROSS
*Appellant*

V.

## THE STATE OF TEXAS
*Appellee*

———◆———

## APPELLANT'S MOTION FOR EXTENSION OF TIME
## WITHIN WHICH TO FILE
## PETITION FOR DISCRETIONARY REVIEW

———◆———

**TO THE HONORABLE COURT OF APPEALS:**

APPELLANT, pursuant to TEX. R. APP. P. 68.2(c) moves for an extension of time within which to file its petition for discretionary review. In support of its motion, appellant submits the following:

1. Appellant was charged with the felony offense of aggravated robbery.

2. A jury convicted appellant of the charged offense and sentenced him to 40 years confinement in the Institutional Division of the Texas Department of Criminal Justice on October 30, 2014.

3. A unanimous panel of the First Court of Appeals rendered judgment in an unpublished opinion on October 8, 2015, affirming appellant's conviction and sentence.

5. Appellant's petition for discretionary review is due November 9, 2015.

6. Appellant seeks an extension, in accordance with TEX. R. APP. P. 68.2(c), until December 9, 2015, to file its petition for discretionary review. This is appellant's first request for an extension.

7. The following reasons are provided as good cause for granting the extension:

   a. On October 12, 2015, counsel for appellant sent correspondence, certified/return receipt requested, informing appellant of the affirmation of his conviction and his right to file a pro se PDR (Appendix A).

   b. Counsel received confirmation that the correspondence was received by the TDCJ Unit. However, counsel subsequently learned that appellant had been moved to the Fort Bend County Jail. Counsel is concerned that appellant has not personally received counsel's initial correspondence.

   c. Counsel has resent the information pertaining to appellant's right to file a pro se PDR to appellant at the Fort Bend County Jail.

8. Out of an abundance of caution, appellant is resending the letter from October 12, 2015, and wants to ensure that appellant has sufficient time to file a PDR should he choose to do so.

9. Appellant's petition is not for purposes of delay, but so that justice may be done.

WHEREFORE, the Appellant prays that this Court will grant the requested extension until December 9, 2015.

Respectfully submitted,

**/s/MANDY MILLER**
Attorney for appellant
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
SBN 24055561
PHONE (832) 900-9884
FAX (877) 904-6846
mandy@mandymillerlegal.com

## CERTIFICATE OF SERVICE

Pursuant to TEX. R. APP. P. 9.5, this certifies that on the 26th day of July, 2015, a copy of the foregoing was delivered to the following persons through electronic mail:

Clinton Morgan
Harris County Assistant District Attorney
morgan_clinton@dao.hctx.net

Lisa McMinn
State Prosecuting Attorney
lisa.mcminn@spa.state.tx.us

/s/ Mandy Miller



# APPENDIX A

# Mandy Miller

Mandy Miller Legal, PLLC
2910 Commercial Center Blvd., Suite 103-201
Katy, TX 77494
(832) 900-9884
mandy@mandymillerlegal.com

October 12, 2015

Mr. Kenneth Ross (TDCJ# 01965844)
c/o Eastham Unit
2665 Prison Road #1
Lovelady, TX 75851

RE: *Kenneth Ross v. The State of Texas,*
Cause No. 01-14-00902-CR.

Mr. Ross,

The court of appeals has issued its opinion in your case affirming the judgment of the trial court. A copy is enclosed for your review. Based upon my review of the court's opinion and the current state of the law, I do not believe that petitioning the Court of Criminal Appeals, pursuant to Rule 68 of the Texas Rules of Appellate Procedure is warranted. If you disagree, you may file a pro se petition for discretionary review (PDR) with the Court of Criminal Appeals, pursuant to Rule 68, Texas Rules of Appellate Procedure.

A PDR is different from the brief I filed on your behalf. The goal with a PDR is to convince the Court of Criminal Appeals that the lower appellate court, not the trial court, was wrong in its opinion. You may not use the PDR to raise issues not brought out at trial or appeal.

You have 30 days from the order affirming your conviction to file the petition. You may also be entitled to one 30 day extension. I have enclosed an extension for your convenience.

If no petition is filed, once the time for filing of such has passed, the court of appeals will issue a mandate. The issuance of a mandate will make your conviction "final" and enable you to seek habeas relief. Both case law and the Code of Criminal

Procedure require that a conviction in a case where the death penalty was not assessed be "final" before a writ of habeas corpus can be heard. Should you chose to file a writ, and if you so request, the trial court may appoint an attorney other than myself to assist you in the writ proceeding. You will have to petition the court for the appointment of counsel.

Please do not hesitate to contact me should you have any questions or concerns.

Sincerely,


Mandy Miller

Enclosures